[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 4, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15214
Non-Argument Calendar

_____

BIA No. A76-915-863

MARIE ANITE NICOLAS,

                                                                Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(May 4, 2006)**

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Marie Anite Nicolas, a Haitian citizen, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") decision affirming without opinion the immigration judge's ("IJ") removal order and denying her application for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), pursuant to 8 U.S.C. §§ 1158, 1231 and 8 C.F.R. § 208.16(c). On appeal, Nicolas argues that the district court erred in denying her petition because the Haitian police had a mixed-motive for persecuting her on account of her imputed political opinion. Nicolas contends that the police persecuted her because she investigated her claim that the police killed her husband.

When a single member of the BIA summarily affirms the IJ's decision without an opinion, such as here, the IJ's decision becomes the final removal order subject to review. *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1284 n.1 (11th Cir. 2003). "To the extent that the IJ's decision was based on a legal determination, [our] review is de novo." *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 817 (11th Cir. 2004). The IJ's factual determinations are reviewed under the substantial-evidence test, and we must affirm the IJ's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283-84 (2001) (quotation omitted).

2

"To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it."  *Mendoza*, 327 F.3d at 1287.

An alien who arrives in or is present in the United States may apply for asylum.  8 U.S.C. § 1158(a)(1).  The Secretary of Homeland Security or the Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee."  8 U.S.C. § 1158(b)(1).  A "refugee" is

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A).  The asylum applicant carries the burden of proving statutory "refugee" status.  *See Al Najjar*, 257 F.3d at 1284.  To establish asylum eligibility, the alien must establish past persecution or well-founded fear of future persecution on account of a statutorily listed factor.  8 C.F.R. § 208.13(b).  "Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be *singled out* for persecution on account of such an opinion [or other statutory factor]."  *Al Najjar*, 257 F.3d at 1287 (quotations omitted).  An asylum applicant may not show merely that she has a political opinion, but must show that she was persecuted because of

3

that opinion. *INS v. Elias-Zacarias*, 502 U.S. 478, 483, 112 S. Ct. 812, 816, 117 L. Ed. 2d 38 (1992).

To qualify for withholding of removal under the INA, an alien must show that it is more likely than not that if returned to her country, the alien's life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3). If a petitioner is unable to meet the "well-founded fear" standard for asylum, she is generally precluded from qualifying for withholding of deportation. *Al Najjar*, 257 F.3d at 1292-93.

The alien's testimony, if credible, may be sufficient to sustain the burden of proof for asylum or withholding of removal without corroboration. 8 C.F.R. §§ 208.13(a), 208.16(b). "However, the weaker the applicant's testimony, the greater the need for corroborative evidence." *In re Y-B-*, 21 I. & N. Dec. 1136, 1139 (1998). If the alien establishes past persecution, it is presumed that her life or freedom would be threatened upon a return to that country. 8 C.F.R. §§ 208.13(b)(1), 208.16(b)(1). An alien who has not shown past persecution may still be entitled to asylum or withholding of removal if she can demonstrate a future threat to her life or freedom on a protected ground in her country. *Id.* §§ 208.13(b)(2), 208.16(b)(2). To establish a "well-founded fear," "an applicant

4

must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." *Al Najjar*, 257 F.3d at 1289.

We have held that "[a]n imputed political opinion, whether correctly or incorrectly attributed, may constitute a ground for a well-founded fear of political persecution within the meaning of the INA." *Al Najjar*, 257 F.3d at 1289 (quotations omitted). "An asylum applicant may prevail on a theory of imputed political opinion if he shows that the persecutor falsely attributed an opinion to him, and then persecuted him because of that mistaken belief about his views." *Id.* (alterations and quotations omitted).

Although we have not addressed a mixed-motive argument in a published opinion, the Second and Ninth Circuits have held that there is no requirement that persecution be based solely on account of a protected ground.[1] *See Borja v. INS*, 175 F.3d 732, 735-36 (9th Cir. 1999) (en banc); *Osorio v. INS*, 18 F.3d 1017, 1028 (2d Cir. 1994); *see also In re S-P-*, 21 I. & N. Dec. 486, 490 (1996) (noting that, in a mixed-motive case, "the standard for review is whether the applicant has produced evidence from which it is reasonable to believe that the harm was motivated by a protected ground").

---

[1] The recent amendments to the INA, 8 U.S.C. § 1158(b), enacted by the Real ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, concerning "mixed-motive" cases are not applicable since those provisions apply only to applications for asylum and other relief from removal made on or after May 11, 2005. Real ID Act, § 101(h)(2). Nicolas filed her application in 1999.

In this case, substantial evidence supports the IJ's denial of asylum and withholding of removal. Nicolas failed to present facts that would entitle her to relief. Nicolas asserted that the police killed her husband. Although she argues that part of the police's mixed-motive was imputed political opinion, she failed to cite any facts in support of this assertion. Thus, Nicolas has failed to show facts that compel a reversal of the IJ's denial of her asylum application. Likewise, Nicolas failed to show facts establishing a well-founded fear of future persecution because of a protected ground.

Because Nicolas did not meet her burden of proof for her asylum claim, she cannot meet the higher burden of proof for withholding of removal. *Al Najjar*, 257 F.3d at 1292-93. Similarly, when a petitioner "has failed to establish a claim of asylum on the merits, [s]he necessarily fails to establish eligibility for . . . protection under CAT." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1288 n.4 (11th Cir. 2005).

Accordingly, we conclude that substantial evidence supports the IJ's finding that Nicolas was not entitled to asylum, withholding of removal under the INA, or relief under the CAT.

**PETITION DENIED.**

6